### In re CLEARY.

(District Court, E. D. Pennsylvania. June 25, 1910.)

#### No. 3,659.

BANKRUPTCY (§ 89*)—PETITION—AMENDMENT—EFFECT.

    Where, after answer to a bankruptcy petition, it was amended so as to charge another act of bankruptcy, consisting of a preferential payment to a different creditor than that mentioned in the answer, which the bankrupt admitted, and declared his willingness to submit to adjudication on that ground, the answer would be regarded as raising moot questions only, and the adjudication would be entered on the amendment.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 89.*]

In the matter of George Cleary, alleged bankrupt. On motion to strike off the answer, on demurrer to the answer, and on motion for adjudication. Motion for adjudication granted, and motion to strike off answer refused.

Thomas Boylan, for petitioning creditor.

Francis J. Maneely, for Consumers' Brewing Co.

J. B. McPHERSON, District Judge. This record presents an unusual situation. On January 24, 1910, Lizzie Donohue presented a petition against the bankrupt, alleging, inter alia, that the number of his creditors was less than 12. The act of bankruptcy averred was a preferential payment to the Consumers' Brewing Company. On February 14th the bankrupt answered, admitting the preference and his insolvency and declaring his willingness to submit to adjudication on that ground. On February 16th the brewing company, describing itself as "an alleged creditor," entered an appearance—but without having received permission to intervene—and on the same day filed the following answer:

"That on or about the 7th day of October, 1907, the said George Cleary made an application to the said Consumers' Brewing Company for a loan of $6,500; the said George Cleary being at that time about to engage in the business of selling liquor at retail in the city of Philadelphia, at No. 3822 Lancaster avenue. That the said application for said loan was granted, and the money advanced to said Cleary. That, subsequently, the said Consumers' Brewing Company, on the 22d day of May, 1908, loaned to the said Cleary the sum of $800, and on May 22, 1909, the sum of $900, making in all the sum of $8,200, upon which was paid on account the sum of $512, leaving a balance for money loaned of $7,688. That on December 11, 1909, the said Cleary was indebted to the said Consumers' Brewing Company in the further sum of $104.05 for merchandise sold and delivered, making the total indebtedness of said Cleary at that time $7,792.05.

"That on or about the said 7th day of October, 1907, when the said Cleary made the application for the above-mentioned loan of $6,500, he was accompanied by one William Donohue, and Cleary stated that he was investing in said liquor business the sum of $2,500 in cash, and that he was not indebted to any person in any sum whatsoever at that time. That the said William Donohue, acting as agent for and on behalf of Lizzie E. Donohue, the petitioner, made the same statement to the Consumers' Brewing Company, upon the faith of which the said loan of $6,500 was granted.

"Respondent further says that in the latter part of November, 1909, the said George Cleary, being still the holder of the aforesaid license to sell liquor at retail at No. 3822 Lancaster avenue in the city of Philadelphia, stated to several of the officers of the said Consumers' Brewing Company, at their office in the Bullitt building in said city, that he desired to sell and transfer the said liquor license to one Harry P. Mosebach for the price or sum of $10,500, which said sum said Cleary stated was more than sufficient to discharge all of his debts and leave him a small surplus. That he asked the said Consumers' Brewing Company to substitute in his place and stead as debtor the said Harry P. Mosebach; there being only the sum of $1,000 cash to be paid on account of the said purchase price of said license. That he further stated that, in addition to the amount due said Consumers' Brewing Company, he owed the firm of Simms & Co., of said city, about $2,400, and that his remaining debts did not exceed $200 or $300, and he made no mention whatever of any indebtedness due to the said Lizzie E. Donohue, the petitioner. That on this occasion the said Cleary was accompanied by the said William Donohue, acting as agent for the said Lizzie E. Donohue, who repeated and corroborated the statements of the said Cleary, and made no mention whatever of the alleged indebtedness of said petitioner. Upon the strength of these representations respondent agreed to accept the said Mosebach as debtor in lieu of the said Cleary and, in addition, advanced to said Mosebach the sum of $207.

"Respondent further says that said liquor license was transferred to said Mosebach on or about the 11th day of December, 1909, and the obligation of the said Mosebach for $8,000 was accepted in lieu of the previous indebtedness

of the said Cleary. That the said Simms & Co. accepted a similar obligation from Mosebach in lieu of their indebtedness against the said Cleary, receiving, however, several hundred dollars of the above-mentioned sum of $1,000 on account of their said claim. That certain creditors of the said Cleary, whom he stated were all remaining, were paid in full, leaving a balance in cash in the hands of said Cleary of upwards of $100. That subsequent to said settlement the said Donohue, acting as agent for the said Lizzie E. Donohue, stated that he had a small claim for money loaned the said Cleary which said claim had been taken care of by him, the said Cleary.

"That at the time said settlement was made the said Cleary and the said William Donohue, acting as agent on behalf of said Lizzie E. Donohue, as aforesaid, were present when the obligations from the said Mosebach were given to respondent and to the said Simms & Co. The said Cleary at that time made no mention whatever of the said indebtedness of the said Lizzie E. Donohue.

"Respondent further says that in making the original loan of $6,500 to said Cleary, and at the time when it agreed to accept the obligations of Mosebach in lieu of those of said Cleary, it had relied upon the statements of the said Cleary and of the said Donohue, agent for the said Lizzie E. Donohue, as above set forth.

"Respondent further says that the acceptance of the obligation from the said Mosebach in lieu of the obligation of the said Cleary was not done with the intent to prefer the said Consumers' Brewing Company, and that the said Cleary was not at the time of making such transfer insolvent.

"Respondent is advised, believes, and suggests to the court that the transaction as above set forth did not constitute an act of bankruptcy.

"Respondent therefore prays your honorable court to dismiss the petition of the said Lizzie E. Donohue."

On February 23d the petition was amended by leave of court in order to charge as an additional act of bankruptcy a preferential payment to Simms & Co. based upon the transaction detailed in the company's answer. On March 5th the bankrupt answered the amendment, admitting the preference to Simms & Co., and again admitting his insolvency and declaring his willingness to be adjudged bankrupt on that ground. No further answer was filed by the company.

Afterwards the petitioning creditor moved to strike off the company's answer for reasons which were substantially repeated in support of the demurrer that was filed at the same time. In effect, they aver that the company is neither a creditor nor a party in interest, and therefore has no standing to intervene; and, further, that if the facts set up in its answer are relevant at all, they can only be heard in defense of a suit by the trustee to set aside the preference. In my opinion it has become unnecessary to decide these questions. Whether the company is still a creditor within the meaning of Act July 1, 1898, c. 541, § 59f, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3445), is not important. In any event, it only seeks to contest the act of bankruptcy that is charged in the original petition, and a second act is now charged by the amendment to which no defense is interposed. As the amendment states a sufficient ground for adjudication, and the answer of the bankrupt admits the facts, the company's answer raises questions that have become merely academic in this proceeding.

The motion to strike off the company's answer is refused; but the demurrer will stand undecided. The motion to enter an adjudication is granted; but, in order to avoid a possible controversy hereafter concerning the effect of the adjudication on the company's defense, the

clerk is directed to enter the adjudication upon the amendment averring a preference to Simms & Co., and without prejudice to the company's right to defend against a subsequent suit by the trustee to set aside the alleged preference.